[Cite as *Bess v. Ohio Dept. of Transp.*, 2010-Ohio-6559.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GINEL BESS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-07181-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Ginel Bess, filed this action against defendant, Department of Transportation (ODOT), contending the tire and rim on her 2009 Mitsubishi Lancer GTS was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 South in Hamilton County. Plaintiff related she "[e]ntered I-71 South from Ridge Road in Cincinnati, Ohio" when her vehicle struck a "huge pot hole" as she was "[c]rossing lanes to exit off on Smith Edwards Road in Norwood." According to information supplied by defendant, the section of Interstate 71 from Ridge Avenue to the Smith Edmondson Road exit covers from milepost 8.51 to 6.75. Plaintiff recalled her damage incident occurred on April 10, 2010 at approximately 10:30 p.m. In her complaint, plaintiff requested damages in the amount of $699.61, the total stated cost of replacement parts. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of any roadway defects on Interstate 71 at the location supplied by plaintiff prior to April 10, 2010. Defendant provided a copy of a complaint about potholes at the "[e]ntrance ramp to I-71 South from Smith Edwards Rds. on-ramp"

dated January 30, 2010. According to defendant, these reported roadway defects on Interstate 71 South in Hamilton County were "repaired the next day on February 1, 2010." Defendant denied receiving any other complaints regarding roadway defects at the particular location despite the fact the particular section of Interstate 71 has an average daily traffic count of over 150,000 vehicles. Defendant related ODOT's "investigation indicates that the location of Plaintiff Bess' incident would be at approximately milepost 7.50 on I-75 in Hamilton County." Defendant asserted plaintiff did not offer any evidence to establish the length of time the pothole in question existed on the roadway at the location described prior to 10:30 p.m. on April 10, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to April 10, 2010. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that three (3) pothole patching operations were conducted in the general vicinity of the plaintiff's incident with the last repair being on March 31, 2010." Earlier patching operations were performed on Interstate 71 in Hamilton County in the general vicinity of plaintiff's incident on February 4, 2010 and March 4, 2010. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} Plaintiff filed a response again relating that the pothole her vehicle struck "was located between Ridge Road entrance to I-71 south and Smith Edwards exit in Norwood." Plaintiff pointed out defendant referenced the particular damage-causing pothole being located on Interstate 75 in Hamilton County. Plaintiff contended ODOT was aware of the pothole her car struck "and had scheduled to fix them April 11, 2010 one day after my accident." Plaintiff recalled she reported her April 10, 2010 damage

incident on April 12, 2010 and spoke with an ODOT employee identified as John. Plaintiff noted that when she called and reported the location of the damage-causing pothole she was informed by ODOT employee John that potholes on Interstate 71 south between Ridge Road and Smith Edwards Road were repaired the previous night, April 11, 2010, a Sunday. Plaintiff disputed the pothole complaint records submitted by defendant "is not a true accurate account indicative of all repairs of I-71 south." Plaintiff contended that if the submitted "Maintenance History" for Interstate 71 would reflect pothole repairs made on April 11, 2010 then that record would establish ODOT had notice of potholes on Interstate 71 prior to April 10, 2010. Plaintiff stated "[s]ince my accident (on April 10, 2010) was not reported till the day after repair (April 11, 2010), per John, an employee of the defendant, then this proves that defendant was aware of the potholes and had scheduled the repairs needed prior to my accident on April 10, 2010."

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the

accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the potholes on Interstate 71 prior to the night of April 10, 2010 despite plaintiff's assertions to the contrary. The assertion defendant repaired the pothole on April 11, 2010 does not constitute evidence of either actual or constructive notice of the pothole on April 10, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not

produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GINEL BESS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-07181-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ginel Bess                                          Jolene M. Molitoris, Director
2816 Flagstone Drive                        Department of Transportation
West Harrison, Indiana  47060          1980 West Broad Street
                                                         Columbus, Ohio  43223

RDK/laa
8/12
Filed 9/15/10
Sent to S.C. reporter 12/29/10